**Harbhajhan RANDHAWA,
aka Harbhajan Singh
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–71796.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2004.*

Decided Aug. 18, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**101**

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Regina Byrd, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

### MEMORANDUM **

Harbhajhan Randhawa petitions for review of a Board of Immigration Appeals ("BIA") decision affirming the order of an immigration judge ("IJ") denying Randhawa's application for asylum, withholding of removal, and relief under the Convention Against Torture. Because the parties are familiar with the facts and procedural history of this case, we do not recount them here. Because the BIA wrote a reasoned opinion separately from that of the IJ, our review is limited to the decision of the BIA. *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Factual findings, including adverse credibility findings, are reviewed for substantial evidence, *see Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996). Adverse credibility findings must be supported by specific, cogent reasons that are supported by the record. *Cordon–Garcia v. INS*, 204 F.3d 985, 993 (9th Cir.2000).

The BIA's determination that the doctor's note submitted by petitioner was fraudulent was supported by substantial evidence. The doctor whom the INS investigator spoke with placed the stamp "Dr. Ajit Gupta" underneath his signature, constituting substantial evidence that he was in fact Dr. Ajit Gupta, the alleged author of petitioner's letter. Furthermore, the INS investigator reported that the Dr. Gupta he spoke with orally stated that the letterhead on petitioner's letter was not the letterhead of his clinic. This report is corroborated by the attached sample of a different letterhead. A petitioner's submission of fraudulent documents constitutes substantial evidence supporting an adverse credibility finding where those documents are related to the heart of petitioner's claim. *Akinmade v. INS*, 196 F.3d 951, 955–56 (9th Cir.1999). That is the case here, because the letter was submitted to corroborate petitioner's claim that he had been beaten by police severely enough to require medical treatment.

Petitioner argues that even if the letter is fraudulent, he was not involved with the fraud, and therefore should not be penalized for it. However, in the circumstances of this case, substantial evidence supported

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

a determination that the fraudulent nature of the letter undermined petitioner's credibility. Petitioner's family or others were clearly aware of the clinic's exact address, given the submitted letter. Moreover, a doctor at that clinic was available to give a signed and stamped statement to the INS investigator. Under the substantial evidence standard of review, we could only reverse the BIA's factual conclusion if a reasonable adjudicator would be compelled to conclude that petitioner's credibility is not undermined. 8 U.S.C. § 1252(b)(4).

Randhawa also raised a claim for relief under the Convention Against Torture. Eligibility for relief under the Convention may be established even where an applicant is not credible, via other forms of relevant evidence. *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001). The BIA found that petitioner did not establish a prima facie case for such relief because it found "[t]he record does not indicate that it is more likely than not" he will face torture upon return to India. *See* 8 C.F.R. § 208.16(c). This decision is supported by substantial evidence. While the record demonstrates that police abuses do still occur in the Punjab region of India, it also demonstrates that conditions have improved in recent years. Randhawa points to no evidence that would compel the conclusion that he faces a greater than fifty percent chance of being tortured by. or with the acquiescence of the Indian government.

We therefore deny the petition for review.

**PETITION FOR REVIEW DENIED.**